258 So.2d 251 (1972)
H.H. HOUSE and R.B. Carter, Partners, d/b/a Bel-Mar Tractor Company
v.
Ivy P. HOLLOWAY.
No. 46516.
Supreme Court of Mississippi.
February 15, 1972.
Lomax B. Lamb, Jr., Marks, for appellant.
Charles C. Finch, D. Briggs Smith, Jr., M. Collins Bailey, Batesville, for appellee.
*252 GILLESPIE, Chief Justice:
H.H. House and R.B. Carter, doing business as Bel-Mar Tractor Company, sued Ivy P. Holloway in the Circuit Court of Panola County. The declaration was in three counts: Count 1 demanded judgment for $1,866.38, plus interest and attorney's fee, and was based on a promissory note dated January 28, 1969; count 2 made demand for $983.81 plus interest, for repairs to a Ford tractor, on which a lien was claimed for said repairs; count 3 made demand for $608.23 plus interest, for repairs to an Oliver tractor and on which a lien was claimed for said repairs. The declaration stated that the amounts claimed in counts 2 and 3 should be credited on the note mentioned in count 1. The indebtedness represented by the note included the amounts due for repairs on the two tractors.
In his answer to count 1, Holloway alleged that he signed a blank piece of paper at the insistence of Carter; that Carter told him he wanted the signed paper so he could borrow money on it; that Holloway would not be sued on the paper. He alleged these statements were false and constituted fraud in the procurement of the blank promissory note. He alleged affirmatively that there was no consideration for the note. In his answer to count 2, Holloway admitted an indebtedness of $428.24 for repairs to the Ford tractor. In answer to count 3, Holloway alleged the repairs done on the Oliver tractor resulted from defective workmanship in its manufacture and Bel-Mar had agreed to repair it without cost to Holloway.
*253 The jury returned a verdict for Holloway on count 1; found for Bel-Mar in the amount of $428.24 admitted to be due on repairs to the Ford tractor on count 2; and found for Holloway on count 3. Judgment was entered accordingly and Bel-Mar appealed.
Bel-Mar argues first that the verdict of the jury is contrary to the overwhelming weight of the evidence. The case is reversed on other grounds, and we do not pass on this question. It is noted, however, that the evidence for both parties is unsatisfactory in some respects. It is questionable whether the verdict could stand if the only question was whether the verdict was against the overwhelming weight of the evidence. Holloway presented sufficient evidence to withstand plaintiff's request for a peremptory instruction.
Bel-Mar assigns as error the granting of two instructions at the request of Holloway that if the jury found Holloway was fraudulently induced to sign the promissory note a verdict should be returned for Holloway on count 1. This was error. Neither the answer nor the testimony sufficiently charged fraud. The principal contention of Holloway was that Bel-Mar wanted to borrow money on the piece of paper and that Holloway would not be sued on it. Fraud cannot be predicated upon statements which are promissory in their nature when made and which relate to future actions or conduct. Credit Industrial Co. v. Adams County Lbr. & Supply Co., 215 Miss. 282, 60 So.2d 790 (1952).
The trial court gave an instruction at the request of Holloway as follows:
The Court instructs the Jury for the Defendant, Ivy P. Holloway, that if you believe from a preponderance of the evidence in this case that the items of damage as alleged in counts two and three of the plaintiff's declaration are in fact items that were covered at the time under the respective warranties of the equipment in question, then it is your sworn duty not to award damages for these items and that you should return a verdict in favor of the Defendant, Ivy P. Holloway.
No warranty was pleaded and there was no evidence of a warranty as to either tractor. The warranty referred to in the instruction evidently is intended to refer to a factory warranty. The only evidence concerning a warranty consisted of Holloway's testimony that he bought the Oliver tractor and Bel-Mar agreed not to charge him for repairs because, as Holloway testified, "I think Oliver was supposed to pay for what was done on it." He also testified that "He [Carter] told me that he was going to see that Oliver took care of that tractor... ." Holloway was entitled to have the jury determine whether Bel-Mar agreed to perform the work on the Oliver tractor without charge to Holloway. But the instruction regarding warranties on the tractors allowed the jury to decide an issue without any evidence whatever to guide them. The giving of this instruction was error. Pevey v. Alexander Pool Co., 244 Miss. 25, 139 So.2d 847 (1962).
Bel-Mar assigns as error the granting of instruction No. 6 given at the request of defendant. This instruction stated that if the plaintiff's right to recover is doubtful in the minds of the jury so that a decision would be a mere guess, the jury could find for the defendant. The main vice of this instruction is that it equates doubt with mere guess. It should not be given upon retrial of this case although it is not of such importance as to require further discussion.
Bel-Mar complains of the granting at the request of Holloway two instructions involving double recovery. We are of the opinion that the jury was probably misled by these instructions, since the liens claimed under counts 2 and 3 represented the same indebtedness as claimed under the promissory note in count 1. However, the plaintiff's instruction probably contributed to the confusion as much as the defendant's. *254 Therefore, we find no reversible error in this regard. Upon retrial the jury should be given clearer instructions.
Reversed and remanded for a new trial.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.