**INDUSTRIAL INVESTMENT DEVEL-OPMENT CORPORATION, et al., Plaintiffs-Appellants,**

v.

**MITSUI & CO., LTD., et al., Defendants-Appellees.**

No. 81–2175.

United States Court of Appeals, Fifth Circuit.

May 9, 1983.

Rehearing and Rehearing En Banc Denied June 13, 1983.

Louis Paine, Jr., Robert Hayden Burns, Fitzhugh H. Pannill, Jr., Houston, Tex., for plaintiffs-appellants.

B.J. Bradshaw, Rufus Wallingford, Jerry E. Smith, Daniel M. McClure, Thomas R. McDade, William R. Pakalka, Houston, Tex., for defendants-appellees.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before COLEMAN, REAVLEY and JOHNSON, Circuit Judges.

PER CURIAM:

In our prior opinion in this antitrust suit we reversed the summary judgment granted to the defendant. 671 F.2d 876 (5th Cir.1982). We there addressed the three grounds of defendants' motion for summary judgment which the district court had granted. These were: (1) that defendants' conduct is beyond the extra-territorial scope of the antitrust laws; (2) that plaintiffs have no standing to sue under the antitrust laws; and (3) forum non conveniens. The Supreme Court —— U.S. ——, 103 S.Ct. 1244, 75 L.Ed.2d 475, has vacated our judgment and remanded the case for further consideration in light of the Court's recent opinion in *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* —— U.S. ——, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

The Court in *Associated General Contractors* upheld judgment of dismissal at the pleading stage because the alleged injury of the plaintiff Union was not the type of injury which the antitrust statute was intended to forestall and compensate. Though the Union had alleged an injury and a violation intended to cause the injury, the allegations failed upon the Court's analysis. The Union was neither a competitor nor a customer of those union contractors alleged to have lost business by the coercion of defendants against contracting parties. The injury was an indirect or derivative loss of union dues. Recovery by the Union could lead to duplicate awards against the defendants or require an excessively complex apportionment of damages.

Because of the Court's analysis of antitrust injury and the necessary causal connection between violation and injury for recovery, our discussion of standing at 671 F.2d 885–890 was faulty. Whether or not the inquiry is termed "antitrust standing," the Court teaches the appropriateness of an initial evaluation of plaintiff's harm, the alleged wrongdoing by the defendants, and the relationship between them tested by the Court's explication of relevant factors of antitrust redress.

In our *Mitsui* case the evaluation is at an initial stage and rests largely upon the allegations of the plaintiffs' pleading, despite the summary judgment, because discovery has been denied to the plaintiffs. As we wrote in the earlier opinion, defendants mischaracterize the plaintiffs' allegations relative to the injury and violation. 671 F.2d at 883–884.

We have no difficulty in reaffirming our former judgment upon the record before us. These plaintiffs have alleged that the defendants conspired to restrain the competition between American competitors by preventing plaintiffs from obtaining a source of supply of logs for their business of importation of lumber and lumber products into the United States. The plaintiffs complain that economic freedom of commerce coming into the United States has been restricted by defendants. Plaintiffs allege a direct injury because they say not that they lost a purchase because of competition but that defendants conspired to disrupt their joint venture with Telaga Mas, to prevent their entry into competition with a potential American competitor, and thereby to deprive them of business profits because of the loss of that competitive position and opportunity. By denying their source of supply, defendants are alleged to have deprived plaintiffs of the means for their competition with the defendant in the importation of lumber products into the United States. There is no question of duplicate recovery or complex apportionment of damages in this case. Plaintiffs' allegations and the summary judgment record meet the requirements of *Associated General Contractors.*

The district court's judgment for defendants is REVERSED and the cause is REMANDED.