**Charles L. WALKER,**
**Plaintiff-Appellant,**

v.

**U–HAUL CO. OF MISSISSIPPI, U-Haul International, Inc. and Amerco, Etc.,**
**Defendants-Appellees.**

**No. 83–4035.**

United States Court of Appeals,
Fifth Circuit.

Dec. 3, 1984.

Opinion on Denial of Rehearing En Banc Jan. 14, 1985.

---

Gilbert & Powell, A. Spencer Gilbert, III, Jackson, Miss., for plaintiff-appellant.

Butler, Snow, O'Mara, Stevens & Cannada, Alan W. Perry, Fred Krutz, III, Jackson, Miss., Gary Klinefelter, U-Haul International, Inc., Phoenix, Ariz., for defendants-appellees.

ON PETITIONS FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion June 25, 1984, 5th Cir., 1984, 734 F.2d 1068)

Before RUBIN, JOHNSON and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Walker's petition for rehearing questions our analysis of Walker's standing under Section 4 of the Clayton Act to maintain a private treble damages action for alleged violations of Section 2 of the Sherman Act. We grant the petition for rehearing to clarify our analysis of standing to bring a private action under Section 4 of the Clayton Act, and to point out the applicability of the additional requirement for the recovery of damages, that the injury be of a type the antitrust laws were meant to redress. Applying that test, we affirm the result originally reached. We also respond to a request made in U-Haul's application for rehearing by clarifying our reference to the applicability of the Mississippi Statute of Frauds to the lease between Walker and U-Haul. Having thus clarified our prior opinion, we reinstate it.

I.

Section 2 of the Sherman Act proscribing monopolies or attempts to monopolize does not explicitly require a plaintiff to prove an injury to competition; the plaintiff must prove only the existence of monopoly power and the willful continued maintenance of that power.[1] Injury to competition is presumed to follow from the conduct proscribed by § 2.[2] However, Congress did not intend to authorize every single person who can demonstrate the likelihood that he suffered some sort of economic injury as a result of such a per se antitrust violation to have a right of action for treble damages under § 4 of the Clayton Act. An antitrust violation may cause

---

**1.** *See United States v. Grinnell Corp.*, 384 U.S. 563, 570–71, 86 S.Ct. 1698, 1704, 16 L.Ed.2d 778, 786 (1966).

**2.** *See Almeda Mall, Inc. v. Houston Lighting & Power Co.*, 615 F.2d 343 (5th Cir.), *cert. denied*, 449 U.S. 870, 101 S.Ct. 208, 66 L.Ed.2d 90 (1980).

harm of some kind to a vast number of persons and businesses. "Standing" is the term used to describe a particular plaintiff's right to recover treble damages for injury to his trade or business. To have standing to recover under the Act, an antitrust plaintiff must demonstrate that his injury was a direct consequence of the alleged antitrust violation, that the extent of his injury is determinable and not speculative, and that recovery by him will not duplicate potential recovery by other plaintiffs.[3]

■ In his initial brief on appeal Walker contended that the district court's summary judgment was predicated, at least in part or in the alternative, on his lack of standing. U-Haul contended that the district court relied only on lack of evidence of injury to competition. We discussed standing in our original opinion, and concluded, on the basis of two of our earlier opinions, which we discuss below, that Walker lacked standing. Walker questions the accuracy of our observations concerning standing in these opinions, in the light of Supreme Court decisions. We now conclude that Walker may have indeed demonstrated his standing sufficiently to withstand summary judgment. He alleges an injury that is both direct and measurable: he alleges that U-Haul destroyed his business in an attempt to monopolize the truck and trailer retail rental market in the Jackson area. Walker was not a direct competitor in that market; he competed only as an agent for U-Haul. Even assuming that Ryder, Hertz or others who offer rentals in competition with U-Haul were the ultimate targets of U-Haul's alleged anticompetitive acts, we conclude, on reconsideration, that recovery by Walker would not duplicate potential recoveries by these U-Haul competitors. The damage to Hertz, Ryder, and other competitors would be their lost opportunity either to enter into franchise contracts with dealers in the market area or to lease their equipment to customers. Walker's injury is different: it is the loss of his business as an agent. Each potential plaintiff would have suffered his own damages, in the form of loss of a different kind of business, caused by U-Haul's alleged illegal conduct. Recovery by a competitor for consumer business would in no sense duplicate or compensate the damage suffered by a competitor for an agency.

■ As noted in our original opinion, however, a plaintiff who seeks to recover for an antitrust violation must establish not only direct and determinable injury, but also that this injury was "of the type the antitrust laws were intended to prevent and that flows from that which makes defendant's acts unlawful."[4] This is summed up as "antitrust injury." The standing analysis determines who has a right to bring the action: whether the plaintiff is the proper party to bring a private treble damage action. "Antitrust injury" looks to the nature of the damage suffered: an antitrust plaintiff may recover only those damages that are of a type that the antitrust laws were intended to prevent and that flow from the illegal aspects of the defendant's conduct.[5]

■ Recent Supreme Court decisions have emphasized the directness or indirectness of the injury, the risk of duplicative recoveries, avoidance of speculative claims, and other factors without mentioning antitrust standing as a distinct inquiry. The Court, however, has also emphasized the requirement that the injury be of the kind the antitrust laws were meant to prevent,

---

3. *Blue Shield of Virginia v. McCready,* 457 U.S. 465, 474, 102 S.Ct. 2540, 2546 et seq., 73 L.Ed.2d 149, 157 (1982); *Assoc. Gen. Contractors of Cal. v. Cal. St. Council,* 459 U.S. 519, 540, 103 S.Ct. 897, 910 et seq., 74 L.Ed.2d 723, 739 (1983).

4. *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.,* 429 U.S. 477, 489, 97 S.Ct. 690, 697, 50 L.Ed.2d 701, 712 (1977). *See also Blue Shield of Virginia v. McCready,* 457 U.S. 465, 479, 102 S.Ct. 2540,

2549 et seq., 73 L.Ed.2d 149, 160 (1982); *Assoc. Gen. Contractors of Cal. v. Cal. St. Council,* 459 U.S. 519, 537, 103 S.Ct. 897, 908 et seq., 74 L.Ed.2d 723, 737 (1983).

5. See Page, *Antitrust Damages and Economic Efficiency: An Approach to Antitrust Injury,* 47 Univ. of Chicago L.R. 467, 497–98 (1980).

so we consider that question specifically.[6] To show antitrust injury, Walker must establish that the injury to his business as an agent "flowed from" or reflected the presumed anticompetitive effects resulting from U-Haul's alleged monopolization of or attempt "to monopolize the retail truck and trailer rental market in Jackson, Mississippi."[7]

The requirement of antitrust injury is not inconsistent with the presumption of injury to competition in Section 2 cases. As one commentator has stated:

> To say that the plaintiff need not show public injury in per se cases to establish the fact of a violation does not tell us what kind of individual injury should be compensable.... The inquiry into antitrust injury addresses the question of damages and does not even begin until the court finds that a violation has been alleged and that the plaintiff has been injured by it. The purpose of the inquiry is to determine whether and to what extent the plaintiff's injury flows from the kind of inefficiency to which the substantive law is directed.

Page, *Antitrust Damages and Economic Efficiency: An Approach to Antitrust Injury.*[8]

The prohibition of monopolization in Section 2 is intended to protect against the elimination of competitors and competing products or services in a given product and geographic market by a monopolist. The complaint defines the alleged monopoly as embracing the retail truck and trailer rental market in Jackson, Mississippi. To demonstrate, in opposition to a motion for summary judgment, that his business injury flowed from this anticompetitive impact on that business, Walker must submit some evidence from which the district court might conclude that U-Haul committed acts that furthered a monopolistic scheme to eliminate competitors and competing products from the retail rental market in Jackson, Mississippi.[9] In the trial court, Walker alleged vaguely that "for the purpose of monopolizing or attempting to monopolize the retail truck and trailer rental market in Jackson, Mississippi," U-Haul raised Walker's rent to a level that forced Walker to surrender his moving center dealership and vacate the premises. However, as discussed in our original opinion,[10] Walker made no mention in the lower court of how U-Haul's termination of a single agent for its own services (Walker) was intended to or would in fact affect the competing services that might be offered by other truck and trailer renters, the interbrand, as opposed to the intrabrand, market. The termination of Walker as an agent for U-Haul eliminated only an intrabrand competitor. Neither in the complaint nor otherwise in the lower court has Walker set forth how U-Haul's acts furthered a monopolistic scheme to eliminate the competition of Ryder, Hertz, or other brands from the "retail truck and trailer rental market." Walker not only did not make sufficient allegations of a specific monopolistic scheme, but he also failed to adduce evidence sufficient to raise a genuine dispute of material fact concerning the existence of such a claim. Walker has not therefore established a factual basis for the prerequisite of antitrust injury. Absent some evidence of this prerequisite to recovery in the affidavits or depositions filed in opposition to the motion

---

**6.** See *Blue Shield of Virginia v. McCready*, 457 U.S. 465, 474, 102 S.Ct. 2540, 2546 et seq., 73 L.Ed.2d 149, 157 (1982); *Assoc. Gen. Contractors of Cal. v. Cal. St. Council*, 459 U.S. 519, 540, 103 S.Ct. 897, 910 et seq., 74 L.Ed.2d 723, 739 (1983); Comment, 72 Calif.L.R. 437, 454 (1984).

**7.** *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489, 97 S.Ct. 690, 697, 50 L.Ed.2d 701, 712 (1977). See *Bayou Bottling, Inc. v. Dr. Pepper Co.*, 725 F.2d 300 (5th Cir.1984); *Multiflex, Inc. v. Samuel Moore & Co.*, 709 F.2d 980, 993–94 (5th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1594, 80 L.Ed.2d 126 (1984).

**8.** 47 University of Chicago Law Review 467, 488 (1980). *See also* Note, *Antitrust Standing, Antitrust Injury, and the Per Se Standard*, 93 Yale Law Journal 1309, 1313–14, 1318 (1984).

**9.** To demonstrate antitrust injury, Walker must "formulate a plausible substantive claim sufficient to survive summary disposition." See 2 Areeda and Turner, *Antitrust Law*, ¶ 334e at 168.

**10.** 734 F.2d at 1071–1072.

for summary judgment, Walker has failed to demonstrate a basis from which a fact trier might conclude that he suffered antitrust injury.[11] Finally, we reiterate the observations in our original opinion: Walker has failed to adduce sufficient evidence that U-Haul engaged in forbidden monopolizing conduct.[12]

■ As Walker points out in his application for rehearing, the district court opinion in *Action Towing and Rental v. U-Haul International*[13] did not distinguish between standing, the right to bring a private treble damages action under the Clayton Act, and the components of a cause of action under the Sherman Act. In relying on this decision and a phrase used in dicta by this court in *Bayou Bottling, Inc. v. Dr. Pepper Co.*,[14] our prior opinion improperly suggested that an antitrust plaintiff must establish a marketwide injury to competition as an element of standing. The antitrust laws exact no such additional requirement, and we state this explicitly to clarify both the scope of our affirmance in *Action Towing* and the limited meaning of the phrase used in *Bayou Bottling*.

We adhere to our original opinion that Walker failed to raise a genuine issue of fact tending to show that U-Haul engaged in purposeful monopolistic conduct.

### II.

We also grant U-Haul's petition for rehearing to the following extent: the fourth sentence of the second full paragraph on slip opinion page 4262, 734 F.2d at 1078, is changed to read as follows:

> With regard to the requirement that the agreement be in writing, the statute draws no distinction between an agreement to sell land and the making of a lease for a term longer than one year, covering both of these promises in the same subsection.[15]

11. *See supra* note 9.

12. 734 F.2d at 1074.

13. 507 F.Supp. 987 (E.D.La.1981), *aff'd without opinion*, 683 F.2d 415 (5th Cir.1982).

14. 725 F.2d 300, 303 (5th Cir.1984).

The court's original opinion is in all other respects reinstated and made the opinion of the court on rehearing.

### ON SUGGESTION FOR REHEARING EN BANC

BY THE COURT:

IT IS ORDERED that appellee's motion to clarify order with respect to suggestion for rehearing en banc is GRANTED.

No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the Suggestion for Rehearing En Banc is DENIED.

15. The sentence corrected originally read:

> With regard to the admissibility of parol evidence, the statute draws no distinction between an agreement to sell land and the making of a lease for a term longer than one year, covering both of these promises in the same subsection.