Alfred **FEENEY**, Plaintiff-Appellant,

v.

**CHAMBERLAIN MANUFACTURING CORPORATION and Lafayette Wood Works, Inc., Defendants-Appellees.**

No. 87–4399
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 30, 1987.

---

Nelson M. Lee, Terry B. Soileau, Bunkie, La., for plaintiff-appellant.

Joseph J. Piccione, Lafayette, La., for Lafayette Wood-Works, Inc.

J. Forrest Hinton, Alexander M. McIntyre, Jr., McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for Chamberlin Mfg. Corp.

Before GEE, RUBIN and HILL,[*] Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A salesman contends that he lost his job and his commissions because his employer gave a customer to whom he did not make sales more favorable prices than the employer gave the customers on whom he called. He sues the employer invoking the Robinson-Patman Act, which proscribes price discrimination. Because the Robinson-Patman Act was not designed to protect against such an injury, we affirm the district court summary judgment rejecting the claim.

Alfred Feeney, who resides in Lafayette, Louisiana, was employed as a sales representative by the Mayfair Division of Chamberlain. Feeney's sales territory covered northwestern, west central, and southwestern Louisiana. Feeney's clients were lumberyards from whom he secured orders for patio doors and windows. The lumberyards would in turn sell the goods to retail customers.

If Feeney obtained an order, he would prepare a written order and send the order to Mayfair. Mayfair would deliver the goods to the customer directly from Mayfair's warehouse. The price charged by Mayfair was determined by using a multiplier, that is the price a customer paid would be the list price of an item, multiplied by the multiplier. The standard multiplier was .913.

Mayfair, however, sold products to Lafayette Wood Works without Feeney's intermediacy. It gave Lafayette Wood Works a substantially lower multiplier than

---

[*] Judge Hill concurred in the above opinion before his death on October 19, 1987.

it gave Feeney's customers. Since Lafayette Wood Works was buying Mayfair products at a lower price than its competitors paid, it was able to sell the products at a lower price than the customers Feeney solicited would have to charge. Consequently, retail customers bought Mayfair products from Lafayette Wood Works instead of from the other Mayfair dealers. This result, Feeney contends, and we assume correctly, reduced sales to the other customers in the Lafayette area, with fewer commissions for Feeney. As a result of Feeney's protest of this practice, he was fired.

He sues his former employer, Mayfair, and Lafayette Wood Works, for treble damages on the basis of price discrimination under the Clayton Act, as amended by the Robinson-Patman Act.

The district court rendered summary judgment in favor of Mayfair holding that Feeney lacked standing under the antitrust laws. Although Section 4 of the Clayton Act provides a broad definition of the class of private parties entitled to bring a claim for treble damages, this class has been limited by the courts to persons who suffer the kind of injury the Act was designed to prevent and who therefore have standing to invoke the Act. The district court relied on Feeney's lack of antitrust standing, and the parties have briefed at length the questions whether the "target area" test or the standards announced by the Supreme Court in *Associated General Contractors v. California State Council of Carpenters* [1] should be used to determine

standing [2] and whether Feeney has standing under either of these tests.

This case, however, does not require us to decide those questions, for there is another prerequisite to the successful invocation of the antitrust laws. In *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.,* [3] the Supreme Court held that to recover treble damages under Section 4 for violations of Section 7 of the Clayton Act, private plaintiffs "must prove more than injury causally linked to an illegal presence in the market. Plaintiffs must prove *antitrust* injury, which is to say injury of the type the antitrust laws were intended to prevent...." [4]

■ The Court in *Brunswick* analyzed the nature of plaintiff's injury to determine whether this was the kind of damage for which recovery could be obtained under Section 7 of the Clayton Act, the antitrust law allegedly violated. This type of analysis was again employed by the Court in *Associated General Contractors,* in which the Court said, "In each case [the] alleged injury must be analyzed to determine whether it is of the type that the antitrust *statute* is intended to forestall (citation omitted)." [5] The courts have imposed the same antitrust-injury requirement for damage claims predicated on other sections of the antitrust laws.[6] We see no reason to exempt Robinson-Patman claims.

■ Feeney invokes the Robinson-Patman Act as the basis for his antitrust claim. That Act is intended to protect com-

1. 459 U.S. 519, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

2. See, e.g., 459 U.S. 519, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983); Amey, Inc. v. Gulf Abstract and Title, Inc., 758 F.2d 1486 (11th Cir.1985); Walker v. U–Haul Co. of Mississippi, 734 F.2d 1068, on rehearing 747 F.2d 1011 (5th Cir.1984); Industrial Inv. Dev. Corp. v. Mitsui & Co., Ltd., 671 F.2d 876 (5th Cir.1982), vacated, 460 U.S. 1007, 103 S.Ct. 1244, 75 L.Ed.2d 475 (1983), on remand 704 F.2d 785 (1983).

3. 429 U.S. 477, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977).

4. Id. 429 U.S. at 489, 97 S.Ct. at 697.

5. 459 U.S. at 540, 103 S.Ct. at 909 (emphasis added).

6. See, e.g., Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, (6th Cir.), cert. denied, 454 U.S. 893, 102 S.Ct. 388, 70 L.Ed.2d 207 (1981); Ernest W. Hahn, Inc. v. Codding, 615 F.2d 830; Almeda Mall, Inc. v. Houston Lighting & Power Co., 615 F.2d 343, (5th Cir.), cert. denied, 449 U.S. 870, 101 S.Ct. 208, 66 L.Ed.2d 90 (1980); Engine Specialties, Inc. v. Bombardier Ltd., 605 F.2d 1 (1st Cir.1979), cert. denied, 446 U.S. 983, 100 S.Ct. 2964, 64 L.Ed.2d 839 (1980); Lee-Moore Oil Co. v. Union Oil Co., 599 F.2d 1299 (4th Cir. 1979); Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc. 585 F.2d 821 (7th Cir.1978), cert. denied, 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979).

petition by forbidding unequal pricing to customers absent true economic reason for price differences.[7]

Section 2(a) of the Act, the section relevant to price discrimination, provides in pertinent part:

It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate, in price *between different purchasers* of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce ... and *where the effect of such discrimination may be substantially to lessen competition* or tend to create a monopoly in any line of commerce, *or to injure,* destroy, or prevent *competition with any person who either grants or knowingly receives the benefits of such discrimination, or with customers of either of them....*[8]

The statutory language therefore indicates that the Act is designed to protect "purchasers" and "competitors." It neither mentions nor suggests that its shield also extends to employees of price-discriminators.

Justice Powell has noted:

A plaintiff must show, to recover damages for violation of Section 2(a) [of the Robinson-Patman Act] that unlawful discrimination in price allowed a favored competitor to draw sales or profits from him, the unfavored competitor.[9]

Similarly, we have held that the Act permits recovery only if the plaintiff shows "that the defendant [made] a sale to one competitor at a price different from that [charged] the *plaintiff competitor.*"[10]

[3] Feeney was Chamberlain's salesman, never its customer or its competitor.

In *Seaboard Supply Co. v. Congoleum Corp.,*[11] the Third Circuit held that a commissioned sales agent was not a purchaser because, among other less important factors, he never received title to the goods. As a result, the sales agent was not protected by the Robinson-Patman Act.

 Feeney attempts to find standing by alleging that, while he was Chamberlain's employee, he "was also a quasi-businessman" because a substantial part of his income was derived from commissions on sales, relying on *Dailey v. Quality School Plan, Inc.*[12] to support his position. Whether Feeney was paid by salary, commissions, or both, he was but an employee. *Dailey* holds only that an employment interest may be considered "business or property" within the meaning of the treble damages provision. Feeney must find standing under the Robinson-Patman Act, not merely the treble damages provision. That Act does not extend protection to employees; it is intended to protect the product market not the employment market.

Feeney's alleged injuries, the loss of sales commissions and the eventual loss of his job, are not injuries to competition for Feeney has not been, is not now, and never planned to be a competitor either to Mayfair or to Lafayette. The damages he has sustained are therefore not injuries of the type that the prohibition against price discrimination was intended to prevent.

While the appeal is without merit, we do not consider it so lacking as to be characterized as frivolous. Accordingly, we reject Chamberlain's claim for the damage that would result from that stigmatization.

The judgment is therefore AFFIRMED.

**7.** *See, e.g., Lloyd A. Fry Roofing Co. v. FTC,* 371 F.2d 277, 281 (7th Cir.1966); *American Oil Co. v. FTC,* 325 F.2d 101, 104 (7th Cir.1963), *cert. denied,* 377 U.S. 954, 84 S.Ct. 1631, 12 L.Ed.2d 498 (1964); *Standard Motor Prods., Inc. v. FTC,* 265 F.2d 674, 676 (2d Cir.1959), *cert. denied,* 361 U.S. 826, 80 S.Ct. 73, 4 L.Ed.2d 69 (1959).

**8.** 15 U.S.C. § 13(a). (Emphasis added.)

**9.** *J. Truett Payne Co. v. Chrysler Motor Corp.,* 451 U.S. 557, 569–70, 101 S.Ct. 1923, 1931, 68

L.Ed.2d 442 (1981) (Powell, J., *dissenting in part*).

**10.** *Eximco, Inc. v. Trane Co.,* 737 F.2d 505, 517 (5th Cir.1984) (emphasis added). *See also Collins Oil Co. v. Tenneco, Inc.,* 556 F.2d 1274 (5th Cir.1977).

**11.** 770 F.2d 367 (3d Cir.1985).

**12.** 380 F.2d 484 (5th Cir.1967).