554 So.2d 884 (1989)
CRYSTAL SPRINGS INSURANCE AGENCY, INC. and Percy Burt Young
v.
COMMERCIAL UNION INSURANCE COMPANY.
No. 07-58585.
Supreme Court of Mississippi.
November 29, 1989.
Robert W. Lawrence, Crystal Springs, for appellants.
Whitman B. Johnson, III, Steen Reynolds Dalehite & Currie and Larry Spencer, King & Spencer, Jackson, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and PITTMAN, JJ.
SULLIVAN, Justice, for the court:
Commercial Union Insurance Company sued Crystal Springs Insurance Agency, Inc., and Percy Burt Young for non-payment of a promissory note in the unpaid balance of $47,000.00. The circuit judge dismissed the counterclaim of Crystal Springs Insurance Agency, Inc., and granted Commercial Union Insurance Company a summary judgment. From this judgment, Crystal Springs and Young appeal and assign as error:
1. The trial court erred as a matter of law in granting summary judgment against appellants.
In 1983 Crystal Springs Insurance Agency, Inc., (hereinafter Crystal Springs) an insurance agency in Crystal Springs, Mississippi, and its agent, Percy Burt Young (hereinafter Young) were approached with the possibility of purchasing the General Insurance Agency, a local insurance agency that was failing. The General Insurance Agency owed Commercial Union Insurance Company (hereinafter Commercial Union) approximately $84,000.00. Instead *885 of seizing the Commercial Union accounts held by the General Insurance Agency, Commercial Union transferred the accounts to Crystal Springs and Young. On October 21, 1983, Crystal Springs agreed to pay Commercial Union $80,000.00 for the accounts of the General Insurance Agency.
Approximately one year after this arrangement was reached, Commercial Union terminated the agency relationship it had with Crystal Springs and Young. This termination was done pursuant to a provision in the agency agreement giving either side the right to terminate the agreement upon ninety (90) days notice to the other party. While no reason for the termination was required, Commercial Union took this step because of a decision at the home office to reduce the number of agents through termination of those agents or agencies which had little or no production. This decision to cut back the agency force was made in the second quarter of 1984. Subsequent to that point in time Crystal Springs and Young quit paying the promissory note which had been executed to Commercial Union, leaving an outstanding unpaid balance of $47,000.00.
On July 29, 1985, Commercial Union filed suit in Copiah County Circuit Court against Crystal Springs and Young demanding $47,000.00 in damages for the amount owed on the note. Crystal Springs and Young admitted the promissory note was unpaid but raised certain affirmative defenses to the claim. These affirmative defenses were lack of consideration, inadequate consideration, and fraudulent inducement to sign the promissory note. Also, Crystal Springs and Young interposed a counterclaim demanding $50,000.00 damages for the alleged fraudulent inducement. The basis of the allegation of fraudulent inducement was the claim that Commercial Union knew at the time of the agreement with Crystal Springs and Young that Commercial Union would terminate the agency relationship after execution of the note. Commercial Union denies this.
Following discovery, Commercial Union moved for Rule 56, M.R.C.P., Summary Judgment, alleging that Commercial Union was entitled to a judgment as a matter of law. Crystal Springs denied that Commercial Union was entitled to summary judgment and filed counter affidavits. After argument before the court, the Motion for Summary Judgment was granted by order dated April 6, 1987. In the order granting the summary judgment the trial court relied upon House v. Holloway, 258 So.2d 251, 253 (Miss. 1972). House states that fraud cannot be predicated upon statements which are promissory in their nature when made and which relate to future actions or conduct. Judgment was entered in favor of Commercial Union on April 21, 1987, for the $47,000.00 which was past due.
Commercial Union argues that Young's statements that Commercial Union knew at the time it executed the agency agreement with Young that Commercial Union was going to withdraw its authority to write their insurance is nothing more than his belief that Commercial Union was guilty of fraud and as no credible facts supporting that belief were provided, they are insufficient to prevent the granting of summary judgment.
As a general rule it is true that mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment. Brown v. Credit Card Center, Inc., 444 So.2d 358 (Miss. 1983). In an allegation of fraud, however, the precise facts which would establish the fraud will often be known only by the party or parties alleged to have committed the fraud. Because the factor of intent which is necessary to establish fraud requires knowledge of the perpetrator's state of mind, it may not be possible for an opponent to reveal detailed precise facts in support of his claim. See Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2727 (1983).
The trial judge found that fraud cannot be predicated on statements which are promissory in their nature when made and which relate to future actions of conduct. This finding was made on the basis of House v. Holloway, 258 So.2d 251 (Miss. 1972). House v. Holloway does say that. *886 But in citing that particular language from Credit Industrial Co. v. Adams County Lumber & Supply Co., 215 Miss. 282, 60 So.2d 790 (1952), this Court, in House, omitted language crucial to the present case. The original language stated:
[T]he rule is well settled that "fraudulent representations upon which a party may predicate any demand for relief must relate to past or presently existing facts, as facts, and cannot consist of promises, except in some cases when a contractual promise is made with the present undisclosed intention of not performing it." (Emphasis added).
Credit Industrial Co., 215 Miss. at 290, 60 So.2d at 794, quoting McArthur v. Fillingame, 184 Miss. 869, 186 So. 828, 829 (1939). See also, Mississippi Power Co. v. Bennett, 173 Miss. 109, 161 So. 301, 306 (1935).
Commercial Union argues that the promise, even if made, is unenforceable under the statute of frauds as it was not in writing and was directly contrary to the terms of the written agency agreement which gave either party the right to terminate the agency agreement at will on ninety days notice to the other party.
However, in Walker v. U-Haul Co. of Mississippi, 734 F.2d 1068 (5th Cir.1984), on rehearing, 747 F.2d 1011 (1984), the Fifth Circuit held that the Mississippi Statute of Frauds does not bar an action for damages based on fraud even though the promise underlying the fraud is itself unenforceable under the statute of frauds. While Walker is not binding on this Court, it is based upon persuasive Mississippi decisions and its rationale is correct. The Fifth Circuit in Walker relied on Abraham v. Harvey, 245 Miss. 449, 459, 147 So.2d 639, 664 (1962), for support. Mr. Abraham orally agreed to sell land to Harvey and represented to Harvey that the land was free of liens. Harvey made a deposit and began making improvements to the land, then Abraham refused to sell and contrary to his promise, the land was heavily encumbered by debt. Harvey sued for specific performance and fraud to which Abraham raised the statute of frauds as a defense. This Court refused to allow specific performance but relying on Tchula Commercial Co. v. Jackson, 147 Miss. 296, 111 So. 874 (1927), did allow Harvey to recover damages arising out of the fraud. Abraham, 245 Miss. at 459, 147 So.2d at 644. The present case is similar to Abraham. Crystal Springs and Young are not asking that the relationship continue, which would cause a conflict with the purpose of the statute of frauds. They seek to recover damages for the fraudulent promise that the agreement would last longer than one year.
Therefore, under the rationale of Walker if Young is able to prove that Commercial Union promised him that his agency agreement would continue for a long period of time and that Commercial Union did so with no intention of keeping the promise, he would be entitled to relief by way of damages. The best way and perhaps the only way for Young to prove that would be at a trial in which he could test the credibility of the persons whom he claims made that promise to him.
In view of the foregoing, we are of the opinion that the grant of summary judgment in favor of Commercial Union Insurance Company was error. Therefore, the decision of the trial court to grant summary judgment and dismiss the counterclaim is reversed and this cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.