IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60312
Summary Calendar
_____


CHARLES J. PHILLIPS

                                        Plaintiff-Appellant,

versus

FORD MOTOR COMPANY, ET AL

                                        Defendants,

FORD MOTOR COMPANY and
FORD MOTOR CREDIT COMPANY

                                        Defendants-Appellees

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 97-CV-772WS
--------------------
November 21, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Charles J. Phillips (Phillips) appeals the district court's
grant of summary judgment in favor of the Ford Motor Company and
Ford Motor Credit Company ("Ford").  Phillips maintains that
genuine issues of material fact preclude judgment as a matter of
law.  Phillips seeks damages of $600 million for breach of
contract, fraud and misrepresentation, and tortious interference
with a contract.  We AFFIRM.

     Phillips was a participant in Ford's "Dealer Development

---

[*]  Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Program" (DDP).  Under this program Ford initially provides all of the capital needed to purchase a dealership, offers a line of wholesale credit, pays the dealer a salary, benefits, and a housing allowance, and then after an initial test period, allows the dealer-owner to begin to invest in the dealership and eventually take it over.

Kenneth Windham owned a dealership in Baldwyn, Mississippi and informed Ford that he wanted to retire and to sell his dealership.  Phillips applied and was accepted to participate in the DDP with relation to Windham's dealership.  Ford and Phillips entered into a Letter of Understanding outlining the terms of the agreement.  Specifically it provided that Ford would wholly own the dealership and that the agreement was terminable at will. The parties also entered into a Hired General Manager Contract which provided that Phillips and his partner Sanford Woods would be employed as managers.  This agreement was also expressly terminable at will.  Phillips also signed an agreement not to compete.  Pursuant to the Letter of Understanding and the Hired General Manager contract, Phillips assumed the position as manager of the dealership formerly owned by Kenneth Windham.

Ford initially invested $840,000 plus an additional $1.5 million in this dealership.  Nevertheless, under Phillips' management, the dealership faced operating losses, the departure of key personnel and increased advertising expenses.  Despite its efforts to keep this dealership afloat, Ford terminated Phillips two years after he started as general manager.

Phillips contends that the dealership was not successful

because of a highway bypass that was built in front of the dealership. Phillips asserts that had he known the effect the highway was going to have on profits, he never would have uprooted his family, left his previous dealership and signed on with Ford. Additionally, Phillips asserts that his profits were also hurt because Windham opened a dealership in a neighboring county.

Phillips contends Ford committed an actionable fraud and negligent misrepresentation by representing to him that the dealership had been successful and would continue to be. According to Phillips, Ford failed to take into account the effect that the newly constructed bypass would have on profits and to warn him of this possible effect. As the district court noted "[n]either negligent misrepresentation nor fraudulent representation can be predicated on a promise relating to future actions. Misrepresentation must be related to past or presently existing facts." *See McMullan v. Geosouthern Energy Corp.*, 556 So.2d 1033, 1037 (Miss. 1990); *House v. Holloway*, 258 So.2d 251, 253 (Miss. 1972)). Phillips has failed to raise a fact issue as to an actionable claim of misrepresentation. Phillips cannot maintain an action in the instant case based on Ford's mere opinions or based on failure to accurately predict future events.

Neither are we persuaded that Phillips raised a fact issue with respect his allegations that Ford wrongfully failed to disclose that Windham intended to open a dealership in the neighboring county. There is no summary judgment evidence suggesting that, at the time Phillips entered the Letter of

Understanding and Hired General Manager Contract, Ford was aware that Windham would open a dealership.  Morever, before taking over the management at the dealership, Phillips was aware of the counties in which Windham could not compete.  The county in which Windham ultimately opened his new dealership was not one of those prohibited in the non-compete agreement.  Thus, he must "abide the consequences of his contracts and actions." *Quinn v. Mississippi Univ.*, 720 So.2d 843, 850 (Miss. 1998).

Even were we to assume Ford made misrepresentations, Phillips failed to raise a material fact as to damages.  In fact, Phillips received a salary, benefits, housing allowance and invested no money of his own in the venture.  To sustain a claim of misrepresentation Phillips must show that Ford induced him to rely on their statements to his detriment.  *See Shogyo International Corporation v. First Nat'l Bank of Clarksdale*, 475 So.2d 425, 428 (Miss. 1985). The successful dealership Phillips claims he left behind to join Ford filed bankruptcy months before he started with Ford.   Phillips fails to quantify his detrimental reliance on Ford's representations.

Phillips' breach of contract claim based on an implied duty of good faith is without merit. Phillips was an employee at will. Under Mississippi jurisprudence, "at-will employment relationships are not governed by an implied covenant of good faith and fair dealing" *Hartle v. Packard Elec.*, 626 So.2d 106, 110 (Miss. 1993).

Phillips' arguments with respect to tortious interference are wholly without merit.  He failed to identify any contract

that Ford interfered with and certainly Ford cannot interfere with its own contract with Phillips. *See Liston v. Home Insurance Co.*, 659 F. Supp. 276, 280 (S.D. Miss. 1986).

For the foregoing reasons and the reasons identified in the opinion of the district court dated March 27, 2000, the district court's grant of summary judgment in favor of the defendants Ford Motor Company and Ford Motor Credit is AFFIRMED in its entirety.