# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-01354-SCT

*MARGIE LOUISE BROWN,*
*BY AND THROUGH*
*HER NEXT FRIEND,*
*LOUISE FORD*

*v.*

*J. J. FERGUSON SAND & GRAVEL COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 5/14/2002 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER, JR. |
| COURT FROM WHICH APPEALED: | WEBSTER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BRIAN AUSTIN HINTON |
| ATTORNEY FOR APPELLEE: | MARC A. BIGGERS |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 08/28/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE SMITH, P.J., WALLER AND CARLSON, JJ.

### WALLER, JUSTICE, FOR THE COURT:

¶1. Margie Louise Brown appeals from a summary judgment entered in favor of J. J. Ferguson Sand

& Gravel, Inc., dismissing her damage action for the wrongful death of her father, Daniel L. Cannon.

Finding the Webster County Circuit Court's grant of summary judgment appropriate, we affirm.

## FACTS

¶2. In the early morning hours of August 12, 1998, Jerry Marlow was driving a dump truck owned by

MSB, Inc., on a portion of U.S. Highway 82 which was closed for the construction of a bypass. Marlow

was driving to an asphalt plant near Eupora which was owned by J. J. Ferguson Sand & Gravel, Inc. (Ferguson). Marlow was to pick up a load of asphalt and take it to the "coal plant" near Ackerman for a construction project totally unrelated to the bypass project. Ferguson was the general contractor for the construction of the bypass and had given MSB permission to use the closed portion for trips to its nearby asphalt plant.

¶3.     That same morning, Daniel J. Cannon was also driving on the closed portion of Highway 82. The road on which he lived intersected with the closed portion of Highway 82, so, to get anywhere, he would have to travel on the closed portion. The truck driven by Marlow collided with Cannon's vehicle, and Cannon was killed.

¶4.     Margie Louise Brown, Cannon's minor daughter, sued Marlow, MSB and Ferguson for the wrongful death of her father. Ferguson's motion for summary judgment was granted by the circuit court. Brown settled her claims against Marlow and MSB, and they were dismissed. Brown appeals from the grant of summary judgment in favor of Ferguson.

## STANDARD OF REVIEW

¶5.     We employ the de novo standard in reviewing a trial court's grant of summary judgment. *O'Neal Steel, Inc. v. Millette*, 797 So. 2d 869, 872 (Miss. 2001). In conducting the de novo review, we look at all evidentiary matters before us, including admissions in pleadings, answers to interrogatories, depositions, and affidavits. *Lee v. Golden Triangle Planning & Dev. Dist., Inc.*, 797 So. 2d 845, 847 (Miss. 2001) (citing *Aetna Cas. & Sur. Co. v. Berry*, 669 So. 2d 56, 70 (Miss. 1996)). This

evidence must be viewed in the light most favorable to the party against whom the motion for summary judgment has been made. *Leslie v. City of Biloxi*, 758 So. 2d 430, 431 (Miss. 2000).

## DISCUSSION

¶6.     No one disputes that Marlow collided with Cannon on a closed highway and that Marlow was not engaged in any aspect of the construction of the bypass at the time of the collision. As such, there are no genuine issues of material fact. Brown settled with Marlow, the driver of the truck, and MSB, the owner of the truck. This left Ferguson as the remaining defendant. The sole evidence in opposition to the motion for summary judgment was a report submitted by Brown's expert, Derek Barrentine, who stated that giving Marlow permission to use the unopened two lanes of the Highway 82 bypass was a breach of Ferguson's duties as contractor. In his report, Barrentine quoted part of MUTCD § 6B-8,[1] which provides for the occasions where a "Road Closed" sign can be used, and MUTCD § 6A-5, which states in part that, "[c]onstruction time should be minimized to reduce exposure to potential hazards."

¶7.     This conclusion is based on a very strained and out-of-context reading of the MUTCD. First, Brown never alleged any deficiency in the installation of signs or barricades. Second, the sections of the MUTCD that Barrentine quotes are taken out of context and pieced together from separate provisions within the MUTCD. Barrentine even admitted in his deposition that nothing in the MUTCD prohibits a contractor from allowing another person to use a closed portion of a roadway: "I didn't find anything in the MUTCD that would permit anybody from riding on a closed road." We have held that the MUTCD is

---

[1]Citations to the MUTCD referenced the 1988 edition. It has since been revised and renumbered.

3

admissible as nonconclusive proof of a standard of care, *see Jones v. Panola County*, 725 So. 2d 774, 776-78 (Miss. 1998), but the provisions one wishes to enforce must at least be applicable to the situation.

¶8.     A "plaintiff must demonstrate duty and breach of duty before any other element. Duty and breach 'are essential' to a finding of negligence." *Strantz v. Pinion*, 652 So. 2d 738, 742 (Miss. 1995) (citing *May v. V.F.W. Post No. 2539*, 577 So. 2d 372, 375 (Miss. 1991)). The extent of Brown's articulation of a duty of care was through Barrentine's report that did not reveal detailed and precise facts sufficient to prevent the entry of summary judgment. *See Reynolds v. Amerada Hess Corp.*, 778 So. 2d 759, 765 (Miss. 2000); *Herrington v. Leaf River Forest Prods., Inc.*, 733 So. 2d 774, 779 (Miss. 1999); *Crystal Springs Ins. Agency, Inc. v. Commercial Union Ins. Co.*, 554 So. 2d 884, 885 (Miss. 1989).

¶9.     Although Barrentine's report endeavors to establish a legal duty and a breach thereof, it does not create a genuine issue of material fact sufficient to withstand a motion for summary judgment. As noted above, Brown conceded the facts were undisputed. Thus, Barrentine's report improperly pertains to a question of law. On this point, "[w]hether a duty exists in a negligence case is a question of law to be determined by the court." *Belmont Homes, Inc. v. Stewart*, 792 So. 2d 229, 232 (Miss. 2001) (citing *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 174 (Miss. 1999)). *See also Lyle v. Mladinich*, 584 So. 2d 397, 400 (Miss. 1991).[2]

## CONCLUSION

---

[2]Brown also raised vicarious liability as a sub-issue. However, no authority whatsoever was cited in support of such a position, so it is waived. *Webb v. DeSoto County*, 843 So. 2d 682, 685 (Miss. 2003).

¶10.    The circuit court did not err in granting summary judgment on the basis that Brown's expert's report failed to establish a genuine issue of material fact.  Therefore, the summary judgment entered in favor of J. J. Ferguson Sand & Gravel, Inc., is affirmed.

¶11.    **AFFIRMED.**

**PITTMAN, C.J., McRAE AND SMITH, P.JJ., COBB AND CARLSON, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND EASLEY, JJ., NOT PARTICIPATING.**