# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-EC-00982-SCT

*DR. OLIVER JOHNSON AND CHAUNCY WRIGHT*

*v.*

*WILLIAM BROCK AND JAMES WILSON, SR.*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/15/2020 |
| TRIAL JUDGE: | HON. JEFF WEILL, SR. |
| TRIAL COURT ATTORNEYS: | WALTER HOWARD ZINN, JR. |
| | ANDREW N. ALEXANDER, III |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | WALTER HOWARD ZINN, JR. |
| ATTORNEY FOR APPELLEES: | ANDREW N. ALEXANDER, III |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | AFFIRMED - 05/12/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., CHAMBERLIN AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.     These consolidated election contests arose out of the December 9, 2019 city council elections in Wards 1 and 6 of Greenville, Mississippi. Contestant Oliver Johnson lost in Ward 1 to William Albert Brock, and Chauncy Wright lost in Ward 6 to James Wilson. Both Johnson and Wright subsequently filed petitions to contest the elections both claiming multiple voting irregularities.  Brock and Wilson then filed motions for summary judgment. After taking into consideration all of the testimony, petitions, responses, and affidavits, the circuit court granted Brock's and Wilson's  motions for summary judgment. We affirm.

## FACTS

¶2.     The election for Ward 1 was between contestants Johnson and Brock, the incumbent councilman. Brock received 180 votes in the election, while Johnson received 171. Brock was subsequently declared the winner for Ward 1. In Ward 6, Wright received 116 votes and Wilson, the incumbent, received 204 votes and was declared the winner. Both parties conducted an examination of the ballot boxes on December 17, 2019.

¶3.     Johnson then filed his petition to contest the election in Ward 1 on December 27, 2019, and Wright filed his election contest on December 30, 2019. Johnson and Wright both "made similar claims of alleged voting irregularities, including but not being limited to, procedural violations of election officials of dealing with affidavit ballots, distance limitations, improper poll watcher actions." Johnson then filed an amended petition on January 8, 2020.

¶4.     This Court assigned Special Circuit Judge Jeff Weill to hear the case, and on February 13, 2020, he filed the initial scheduling order. Brock and Wilson subsequently filed motions to dismiss and motions for summary judgment under Rules 12(b)(6) and 56 of the Mississippi Rules of Civil Procedure. None of the parties propounded discovery requests. On February 13, the circuit court issued an order consolidating the cases. A hearing was held on the motions in May 2020 at which the court allowed the parties to offer testimony.

¶5.     After consideration of testimony, petitions, responses and affidavits, the circuit court concluded that Johnson and Wright had failed to provide proof to establish that any of the conduct complained of caused their election losses and that to conclude otherwise would be sheer speculation. Because the contestants failed to establish that any alleged improper

conduct caused or contributed to their losses, which was a critical element of their case, the circuit court granted Brock's and Wilson's motions for summary judgment. Johnson and Wright then filed motions for reconsideration, on June 9, 2020, with briefs in support. Brock and Wilson answered the motions for reconsideration. The circuit court issued an order denying the motions for reconsideration on June 15, 2020.

## STANDARD OF REVIEW

¶6.     Summary judgment is "an appropriate procedural device capable of being utilized in election disputes." *Lewis v. Griffith*, 664 So. 2d 177, 187 (Miss. 1995) (citing *Wilbourn v. Hobson*, 608 So. 2d 1187 (Miss. 1992)).  This Court applies a "de novo standard of review on appeal from a grant of summary judgment by the trial court." *Jenkins v. Ohio Cas.  Ins. Co.*, 794 So. 2d 228, 232 (Miss. 2001) (citing *Russell v. Orr*, 700 So. 2d 619, 622 (Miss. 1997)) .

¶7.     A motion for summary judgment is appropriately granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  M.R.C.P. 56(c).  Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id*. To determine whether "a material fact is in dispute, the court reviews 'all admissions, answers to interrogatories, depositions, affidavits, and any other evidence, viewing the evidence in a light most favorable to the non-movant.'" *Elliott v. AmeriGas Propane L.P.*, 249 So. 3d 389, 395 (Miss. 2018) (quoting *Owen v. Pringle*, 621 So. 2d 668,

670 (Miss. 1993)). The moving party has the burden of demonstrating that there is no genuine issue of material fact in, while the non-moving party should be given the benefit of every reasonable doubt. ***Tucker v. Hinds Cnty.***, 558 So. 2d 869, 872 (Miss. 1990) (citing ***Short v. Columbus Rubber and Gasket Co.***, 535 So. 2d 61, 63 (Miss. 1998)). However, the rule states that "an adverse party may not rest upon the mere allegations or denials of his pleadings" and his response, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P 56(c). If he does not so respond, summary judgment, if appropriate, shall be entered against him. *Id.*

> **Whether the circuit court properly granted Brock's and Wilson's summary judgment motions.**

¶8.     This Court has held:

> [W]hen a party, opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.

***Galloway v. Travelers Ins. Co.***, 515 So. 2d 678, 684 (Miss. 1987). Johnson and Wright failed to satisfy their burden of proof in opposing the motion for summary judgment.

¶9.     In election cases, "no hard and fast equation exists for determining when to reject the results of an election and hold a new one." ***Wesley v. Washington Cnty. Democratic Exec. Comm.***, 235 So. 3d 1379, 1385 (Miss. 2017). However, this court employs a two-prong test to examine whether a special election is warranted. This test provides that "special elections will be required only when (1) enough illegal votes were cast for the contestee to change the result of the election, or (2) so many votes are disqualified that the will of the voters is

4

impossible to discern." ***Rizzo v. Bizzell***, 530 So. 2d 121, 128 (Miss. 1988) (citing ***Walker v. Smith***, 213 Miss. 255, 56 So. 2d 84 (1952)). Further, "the nature of the procedural violation is important because if the irregularities are due to fraud or willful violations of the election procedure, this Court will not hesitate to order a new election, even though the percentage of illegal votes is small." ***Id.*** (citing ***Harris v. Stewart***, 187 Miss. 489, 193 So. 339 (1940)). However, this Court has also held that "'[m]ere allegations' not demonstrating the presence of 'detailed and precise facts' are insufficient to prevent summary judgment." ***Strantz v. Pinion***, 652 So. 2d 738, 742 (Miss. 1995) (citing ***Crystal Springs Ins. Agency, Inc. v. Com. Union Ins. Co.***, 554 So. 2d 884, 885 (Miss. 1989)). Additionally, this Court has held that "unsupported speculation and allegations are not sufficient to defeat a motion for summary judgment." ***Adams v. Cinemark USA, Inc.***, 831 So. 2d 1156, 1161 (Miss. 2002) (citing ***Reynolds v. Amerada Hess Corp.***, 778 So. 2d 759, 765 (Miss. 2000)), *superseded by rule as stated in* ***Tunica Cnty. v. Town of Tunica***, 227 So. 3d 1007 (Miss. 2017).

¶10. Here, Johnson and Wright's brief relies on affidavits as support for their claims regarding the alleged voting irregularities. But the affidavits relied on are not in the record. This Court has found that "the burden rested upon appellant to see to it that the record contained all data essential to an understanding and presentation of matters relied upon for reversal on appeal." ***Shelton v. Kindred***, 279 So. 2d 642, 644 (Miss. 1973) (citing ***Willenbrook v. Brown***, 239 So. 2d 922 (Miss. 1970)). Johnson and Wright argue that:

> true review of all admissions, answers to interrogatories, depositions, affidavits, and any other evidence, viewing the evidence in a light most favorable to the non-movant, would lead to the conclusion that the pleadings, affidavits, testimonies and evidence show that Petitioner Oliver Johnson won

his election 173-172, or alternatively, as in Petitioner Wright's case the conduct by election officials was such a total departure from the fundamental provisions of the statute as to destroy the integrity of the election and make the will of the qualified electors impossible to ascertain.

Yet this Court was not provided Johnson's and Wright's affidavits. The record only contains the Brock's and Wilson's affidavits and the summary judgment hearing testimony.

¶11. Moreover, all parties to the election in this case examined the ballot boxes on December 17, 2019, and after this examination, Johnson and Wright did not conduct any further discovery until the conclusion of the hearing on the Brock's and Wilson's summary judgment motion. There was no request of any continuance of the May 12, 2020 hearing, nor did Johnson or Wright claim to have difficulty gathering further necessary evidence until the close of the summary judgment hearing. Johnson and Wright neglected to file anything with the court to gain access of the ballot boxes or any other evidence necessary to contest Brock's and Wilson's motions for summary judgment.

¶12. Johnson and Wright allege the following:

1) procedural violations of election officials dealing with affidavit ballots;
2) distance limitations;
3) improper poll watcher violations;
4) alleged criminal actions of unnamed election officials and improprieties allegedly committed by Respondents.

Although Johnson and Wright made multiple claims of irregularities in the Ward 1 and 6 elections, they failed to show whether these alleged irregularities had any effect on the results of either election. They simply claimed that other "possible" evidence might be obtained by further discovery in these cases that could show any irregularities that led to the election losses. Johnson and Wright never requested any discovery from Brock or Wilson. As stated

6

above, mere allegations or unsupported speculation are not enough to defeat a summary judgment motion. *Strantz*, 652 So. 2d at 742. Johnson and Wright did not identify a single voter who was improperly prevented from voting for either candidate. It would require sheer speculation to conclude that the alleged voting irregularities prevented these candidates from acquiring enough votes to win.

¶13. Because the Johnson and Wright failed to make a showing sufficient to establish the essential element of their election contest claim, that the alleged voting irregularities that occurred during the election affected on the number of votes that each of the contestants received, the circuit court's grant of summary judgment in favor of Brock and Wilson is affirmed.

¶14. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR. KING, P.J., NOT PARTICIPATING.**